UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZELMA MOTLEY,                                    Case No.  20-11313
                        Plaintiff,
v.                                               Gershwin A. Drain
                                                 United States District Judge
METRO MAN I, INC. and
WESTWOOD NURSING                                 Curtis Ivy, Jr.
CENTER,                                          United States Magistrate Judge
                        Defendants.
_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL
## (ECF No. 23)

This matter is before the Court on Plaintiff Zelma Motley's motion to compel discovery responses.  (ECF No. 23).  Defendants Metro Man I, Inc. and Westwood Nursing Center did not file a timely response to the motion, but did file a response after the Court ordered them to do so.  (ECF No. 30).  The parties filed a joint statement of resolved and unresolved issues.  (ECF No. 34).  The Court held a hearing on the matter on July 22, 2021, at which counsel for the parties appeared and argued.

Prior to the hearing, the parties substantially narrowed the issues.  The resolution on those issues is stated in the joint statement and on the record.  The only issues that remain for determination by the Court are whether Plaintiff exceeded the number of permitted interrogatories, whether the defendants

sufficiently responded to interrogatories number 3(a) and 5, and whether defendants must respond to request for production ("RFP") number 14.

A.    Legal Standard

As an initial matter, the Federal Rules of Civil Procedure were written to facilitate the discovery of relevant evidence proportional to the needs of each case. Rule 26 authorizes relatively expansive discovery, subject to the considerations set forth in Rule 26(b)(1).  Further, a court has broad discretion over discovery matters, *Trepel v. Roadway Express, Inc.*, 194 F.3d 708 (6th Cir. 1999), and is overruled only if there is an abuse of discretion.[1]

The defendants allege Plaintiff has exceeded the number of interrogatories permitted by the Rules.  Rule 33(a)(1) permits a party to serve no more than 25 written interrogatories, including all discrete subparts, without leave of court. "Discrete subparts of an interrogatory are questions which ask for discrete pieces of information."  *Nolan L.L.C. v. TDC Int'l Corp.*, 2007 WL 3408584, at *3 (E.D. Mich. Nov. 15, 2007).  If, however, the subparts to an interrogatory are necessarily related to the "primary question," the subparts should be counted as one

---

[1] In deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and her order is overruled if the district court finds an abuse of discretion.  12 Wright, Miller & Marcus, Federal Practice and Procedure § 3069, 350 n.20 (2d ed. 1997 & Supp. 2010) (citing cases).  An abuse of discretion exists when the court applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.  *Todd v. RBS Citizens, N.A.*, 2010 WL 3943545, at *2 (W.D. Mich. 2010) (citing *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 647 (6th Cir. 1993)).

interrogatory rather than as multiple interrogatories.  *Harhara v. Norville*, 2007 WL 2897845 (E.D. Mich. Sept. 25, 2007).  The Advisory Committee to the Federal Rules provided, as an example of such a multipart, non-discrete interrogatory "a question asking about communications of a particular type" even if "it requests that the time, place, persons present, and contents be stated separately for each such communication."  Advisory Committee Note, Fed. R. Civ. P. 33 (1993 Amendments).  Further, Federal Practice and Procedure advises that "an interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question."  Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Number of Interrogatories, Federal Practice and Procedure § 2168.1 (3d ed. 2010).

B.    Discussion

1.    Number of Interrogatories

Even though Defendants have already responded to 19 out of the 21 interrogatories, which does not indicate serious objection to the number of interrogatories, the Court will address the issue.

The Court has reviewed all of the interrogatories and their subparts, and concludes Plaintiff has not exceeded the number of interrogatories permitted by the rule.  Each of the subparts in the interrogatories at issue is either related to the primary question or directed at eliciting details regarding the common theme of the

interrogatory.  For example, interrogatory number 6 asks for the identity of all lawsuits against "Defendant" alleging violations of the Americans with Disabilities Act, Michigan's Persons with Disabilities Civil Rights Act, and Michigan's Elliot Larsen Civil Rights Act.  The three subparts inquire about (a) the court in which the action was filed, the case name, and case number, (b) the names of all plaintiffs and defendants, and (c) the subject matter of the claims and the outcome of the litigation.  (ECF No. 23-6, PageID.151).  The Court concludes Plaintiff submitted 21 interrogatories to the defendants, all of which are within the 25-question allotment mandated by Rule 33(a)(1).

> 2.     Interrogatory No. 3(a)

Interrogatory number 3(a) states as follows:

> "Please identify the reason(s) why Plaintiff was terminated.
>
> a.  State the date and time that any alleged conduct by Plaintiff which Defendant claims it relied on to terminate her occurred[.]

(ECF No. 23-1, PageID.109).  In response to the primary interrogatory, Defendants listed disciplinary issues, such as write-ups for excessive tardiness and violation of patient standard of care, and performance issues, such as an inability to walk to the patient's room and inability to assist with transfers.  (ECF No. 23-6, PageID.148). In response to subpart (a), Defendants provided, "Defendant is not required to have a reason for firing an at-will employee."  (*Id.*).

4

Plaintiff argues the responses to the primary interrogatory and the subpart are inconsistent—Defendants provided a number of reasons for Plaintiff's termination, yet would not provide a date and time for the alleged conduct.  At oral argument, counsel for Defendants stated he could not get in the minds of the supervisors who terminated Plaintiff in January 2019, but based on the termination document itself, the company terminated her because it was going in a different direction.  Further, Defendants produced Plaintiff's employee file which contains write-ups and other disciplinary documents, all of which are dated and include dates.  Thus, Plaintiff has the dates (although likely not the times), of the alleged conduct for which she was disciplined.

The Court finds Defendants sufficiently responded to interrogatory 3 and subpart (a), although the response to the subpart does not match the substance of the question.  The response to the entire interrogatory coupled with the document production provides Plaintiff the information she requested.  Defendants produced Plaintiff's employee file which contains dated disciplinary records.  Thus, Plaintiff has the dates of the infractions the company was concerned about.  Further, it does not appear Defendants can answer the interrogatory any differently.  The termination document states the reason for the termination is the company was "going in a different direction," (ECF No. 30-4, PageID.235), not specifically for any of the disciplinary and performance issues.  To the extent the disciplinary or

5

performance issues somehow informed the decision to terminate, this information can more accurately be obtained through depositions.

    3.      Interrogatory No. 5 and RFP No. 14

Interrogatory 5 and request for production 14 are related.  Interrogatory 5 asks for the identity of every employee investigated, disciplined, or terminated by Defendants from February 6, 2015 to the present, and for those employees, to identify the circumstances leading to the employer action and provide a list of employees who were accused of the same or similar violations as Plaintiff.  (ECF No. 23-6, PageID.149-50).  Defendants objected to this request, stating it seeks information regarding other employees protected by disclosure pursuant to M.C.L. § 423.506, known as the Bullard-Plawecki Employee Right to Know Act.  (ECF No. 30-3, PageID.226).  RFP 14 seeks a copy of all disciplinary actions "similar to the reason why Plaintiff was terminated" issued to Defendants' employees from January 1, 2012 to the present.  (ECF No. 23-1, PageID.126).  Defendants have not produced any documents in response.

As an initial matter, the Bullard-Plawecki Act does not bar production of the disciplinary files of other employees.  The statute contains an exception for disclosure related to litigation.  *See* M.C.L. § 423.506(3)(b); *see also Horton v. 48th Dist. Court*, 2006 WL 1604263, at *2 (E.D. Mich. Feb. 21, 2006).

Defendants' counsel indicated to the Court that identifying terminated employees would not be overly burdensome, and he would be able to produce those files to Plaintiff.  Defendants therefore are ordered to do so.

At oral argument, Defendants' counsel argued responding to these discovery requests with regard to employees who were not terminated but who had disciplinary action in their file would be unduly burdensome.  Counsel explained Defendants have had a large number of employees over the last six years, and in the context of nursing home or long-term care there is a very high employee turnover rate.  He argued that having to look through every employee file for that time period would be too burdensome and the information Plaintiff seeks is not relevant.

The Court agrees with Plaintiff that information regarding comparative discipline is relevant.  Defendants, however, have not overcome the relevance of the documents with a strong showing of burden.  Defendants' counsel was unable to articulate the number of employees who worked for the company during the last six years, nor the exact number of current employees, to support his argument.  In light of the high employee turnover rate in the nursing home or long-term care context, counsel surmised Defendants have had 700-800 employees over the last six years, thus he would have to look through 700-800 files to find files with

7

disciplinary action.  Without proper supporting evidence, this speculative estimate related to the number of past employees' files is not credible.

Plaintiff agreed to limit both the interrogatory and RFP to a time period of within three years of Plaintiff's January 4, 2019, termination.  This amounts to less than six years.  The Courts finds this period reasonable.  Therefore, defendants are ordered to respond to interrogatory number 5 and RFP number 14 with responsive information and documents pertaining to a period within three years of Plaintiff's termination.

Supplemental responses must be provided to Plaintiff **within 21 days** of this Order.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date:  July 22, 2021                    s/Curtis Ivy, Jr.
                                        Curtis Ivy, Jr.
                                        United States Magistrate Judge