UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ZELMA MOTLEY,<br>      Plaintiff,<br>v.<br>METRO MAN I, INC., and<br>WESTWOOD NURSING<br>CENTER,<br>      Defendants.<br>_____/ | Case No.: 20-11313<br><br>Gershwin A. Drain<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SANCTIONS**
**(ECF No. 78)**

  Plaintiff sues Defendant for violations of the ADA and Michigan disability rights laws in her termination from employment at Defendant's nursing center. This matter is before the Court on Plaintiff's motion for sanctions for Defendant's purported failure to comply with this Court's October 26, 2022, Order.  In that Order, the Court granted in part Plaintiff's motion to compel, requiring Defendant to supplement some of its discovery responses, and terminated as moot a motion regarding a Fed. R. Civ. P. 30(b)(6) deposition because the dispute was resolved, all that remained was selecting a date for the deposition.  (ECF No. 70, 78).

  The discovery at issue in the Court's Order was about Plaintiff's LPN license and Defendant's "after-acquired defense" that, had it known her license had been suspended while she worked for Defendant, it would have fired her for that

reason. Defendant was ordered to supplement its responses to eleven discovery requests. Seven of those are at issue here. Plaintiff argues the supplemental responses are either deficient or Defendant failed to provide supplemental responses to some requests.

A.    Governing Standards

Fed. R. Civ. P. 37(b)(2) provides for sanctions when a party disregards a discovery order. Such sanctions may include limiting the disobedient party's proofs or testimony, striking pleadings, monetary sanctions, and dismissing an action when the party has failed to comply. The imposition of a sanction under the Rule is a matter within the Court's discretion. *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). Besides listing permissible sanctions, Rule 37(b) dictates that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). "The purpose of imposing sanctions is to assure both future compliance with the discovery rules and to punish past discovery failures, as well as to compensate a party for expenses incurred due to another party's failure to properly allow discovery." *Jackson v. Nissan Motor Corp.*, 888 F.2d 1391 (6th Cir. 1989) (quotation omitted).

Magistrate judges have the authority to issue orders on non-dispositive pretrial motions but must submit a report and recommendation for dispositive motions. 28 U.S.C. § 636; Fed. R. Civ. P. 72. "There is little debate as to whether a magistrate judge can enter an order imposing monetary sanctions on a party under Rule 37." *Builders Insulation of Tennessee, LLC v. S. Energy Sols.*, 2020 WL 265297, at *4 (W.D. Tenn. Jan. 17, 2020) (collecting cases). But where, as here, the moving party seeks what could amount to dispositive relief, the question becomes whether the magistrate judge may proceed by an order or must submit a report and recommendation. A district court in this Circuit addressed this question. After thorough review of relevant case law, the court persuasively concluded that "[t]he majority of courts to consider the issue have concluded that when a party brings a motion for discovery sanctions, the sanction chosen by the magistrate judge, rather than the sanction sought by the moving party, governs the magistrate judge's authority over the motion." *Id.* at *4-5 (collecting cases).

B.  Discussion

The Court must first determine whether Defendant complied with its Order. Interrogatory No. 23 seeks a description of efforts Defendant undertook since January 1, 2012, to ensure all licensed employees were properly licensed, including any audits/investigations performed by Defendant or the State, all policies and procedures related to the efforts to ensure licensure, and all documents

3

related to the interrogatory. (ECF No. 59, PageID.530). It asks, for example, who took part in those investigations and what was reported internally or externally to ensure licensure for the nursing facility. Defendant responded that employees are responsible for maintaining their licenses and to inform the employer if their license is suspended, that it was unaware of any audits or investigations responsive to the request, and that it has not located any responsive documents. (*Id.* at PageID.531). It did not provide information about a 2017 State of Michigan Department of Licensing and Regulatory Affairs investigation. The Court ordered that Defendant supplement its response to the interrogatory to include the 2017 investigation and to produce related documents unless Plaintiff had all possible documents from the investigation.

Defendant's supplemental response states that it does not have documents to produce aside from the 2017 documents previously produced. (ECF No. 78, PageID.1575-76). Plaintiff argues this is deficient because Defendant neglected to answer the other subparts of the interrogatory, for example to state who was involved in the investigation or what was reported internally or externally to ensure licensure, etc.

In response, Defendant asserts that the State of Michigan conducted a Nursing Home Licensure Survey, not an investigation. It adds that it does not have more documents to produce related to that survey. (ECF No. 87, PageID.1642).

4

Defendant's argument that it does not have more documents to produce ignores the Order that requires a supplemental response to all parts of Interrogatory No. 23 with information from the 2017 investigation or audit. Defendant did not comply with the Order.

Defendant was ordered to supplement responses to Plaintiff's second set of requests for documents, requests numbers 7, 8, and 9. These ask for internal or external documents regarding audits or investigations by the State since January 1, 2012 and communications with employees or agents regarding an audit or investigation. Defendant said it could not locate any relevant documents. (ECF No. 59, PageID.539). The Court ordered Defendant to produce documents from the 2017 audit or investigation, or state that it has no further documents to produce.

Defendant did not supplement its response to these requests until new counsel was hired (after the Order was filed) and reviewed the Court's Order. Defendant asserts that its failure was an oversight and not a blatant disregard of the Court's Order. In supplement to the requests, Defendant reiterates it does not have further documents related to the audit or survey. (ECF No. 87, PageID.1642-43).

Though untimely, Defendant complied with the Order and stated it did not have more documents to produce.

As for Plaintiff's third set of requests for documents, she argues the supplemental response to requests numbers 2, 4, and 5 are insufficient. As

explained in the prior Order, requests 2, 4, and 5 are about other employment positions at the nursing home from March 2, 2017, through December 31, 2019. Plaintiff seeks job descriptions, job postings, or other documents demonstrating job qualifications for all employment positions (RFP No. 2); all documents identifying all employment positions (RFP No. 4); and, for each employment position, all documents identifying the qualifications and whether there were any vacancies during the relevant period (RFP No. 5). (ECF No. 59, PageID.542-43). Defendant objected to the requests on the grounds that a response would be burdensome and that they seek irrelevant information. The Court disagreed. The Court ordered Defendant to supplement production to provide a list of vacant positions during the relevant period with job descriptions or qualifications.

In its supplemental response, Defendant referred to its original response and stated it did not have additional responsive documents. (ECF No. 78-3, PageID.1615-17). In its response brief, Defendant states it cannot produce what it does not have. (ECF No. 87, PageID.1643).

Perhaps there were no further job vacancies during the relevant period than those previously identified.[1] But the Court ordered that job descriptions and

---

[1] While Plaintiff finds it incredible that Defendant had only four vacancies during the relevant period, no evidence has been produced to call into doubt that representation. Should facts emerge that establish there were more vacancies which Defendant did not disclose, Defendant may be subject to sanctions.

qualifications also be provided with the list of vacancies. It is difficult to credit the response that Defendant does not have a job description or job qualifications list for each of the vacancies it had during the relevant period. Even if there were no standalone document listing the description and/or qualifications, the company most likely had a description or list of qualifications for each job, or at least one can surely be created. Because Defendant did not provide job descriptions or qualifications, it did not comply with the Order.

      The dispute on Request No. 1 is about timeliness. Defendant produced 4,766 pages of responsive documents on November 15, 2022, less than two weeks before trial. (ECF No. 78, PageID.1574). Plaintiff argues this late production of documents is proof of gamesmanship and delay tactics. Defendant asserts that the timing of production was due to the volume of pages produced and the 175 hours of employee labor to retrieve them. (ECF No. 87, PageID.1643). It shared that the human resources position that would have been familiar with the documents was vacant until days before the production deadline.

      As a sanction for Defendant's failure to comply with the discovery Order, Plaintiff seeks an order to remove the licensing issue from trial. She argues that an order for Defendant to comply and further supplement responses would continue to prejudice her because trial is less than two weeks away, which is not enough time for Plaintiff to review the responses and use them for trial.

Defendant insists sanctions are not warranted because it took reasonable steps to comply with the Order. It argues that removing the licensing issue from trial is akin to dismissal of its defense. (ECF No. 87, PageID.1645).

Defendant did not fully comply with the Court's discovery Order. The Court will **GRANT IN PART** Plaintiff's motion for sanctions. For the reasons discussed below, the Court will not remove the licensure issue from trial. Instead, Defendant must provide supplemental responses **on or before the close of business December 5, 2022**, and must pay half the reasonable costs and attorney fees Plaintiff incurred in bringing this motion.

On balance, it does not appear that Defendant's noncompliance was due to bad faith or willfulness. Still, given the impending trial deadline, Plaintiff has been prejudiced by Defendant's noncompliance because now Plaintiff has little time to review further responses. Defendant did not provide good reasons for its partial failure to comply with the Order, but those portions of the Order that were not complied with are not substantial. Sanctions are warranted for the noncompliance.

Though relevant, the information missing from Interrogatory No. 23 related to the 2017 investigation or audit does not appear to be case- or defense-determinative. For instance, who participated in the State survey does not appear to affect the merits of the defense. Still, Defendant was needed to answer the subparts of the interrogatory with information related to the 2017 investigation or

8

audit. The remaining requests that were not sufficiently supplemented are Request to Produce Nos. 2, 4, and 5, specifically, job descriptions or qualifications for the jobs that were vacant during the relevant period. The documents that are ordered to be produce are unlikely overly complex. And with only four jobs, Plaintiff should be able to review the documents in time to prepare for trial.

As to Request to Produce No. 1, the Court accepts Defendant's assertion that it tried to produce the documents timely after the Court's order and produced them as soon as it could. Since Defendant supplemented its response with responsive documents, no sanctions will be awarded here.

Plaintiff is directed to submit to Defendant a bill of costs incurred showing the full costs and half the costs Defendant is ordered to pay in bringing this motion, within 21 days of this Order. Defendant must pay the costs or object to the bill of costs within 7 days of receipt of the bill. The parties should contact the chambers of the District Judge if they cannot resolve any disputes relate to costs.

The authority Plaintiff relied on to support the requested sanction of removing the licensure issue does not direct a different result. In *Eastway Gen. Hosp., Ltd. v. Eastway Women's Clinic, Inc.*, 737 F.2d 503 (5th Cir. 1984), the court struck the defendant's defenses for its failure to produce documents, to produce a deponent, and to obey discovery orders. Defendant's noncompliance was not as drastic. It has not repeatedly failed to produce a prepared deposition

witness or repeatedly failed to comply with Court orders. In *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524 (3d Cir. 2007), the plaintiff willfully and in bad faith concealed evidence of his substance abuse through four years of litigation. His substance abuse was a central issue in the case. As a sanction, the court precluded plaintiff from presenting evidence of his substance abuse favorable to him. Here, there is no evidence of bad faith in Defendant's partial noncompliance of the Order. Moreover, actively concealing from opposing counsel facts that are central to the case, for four years, is a serious violation of the rules of discovery that far outweighs the failure to supplement an interrogatory about a 2017 investigation and to provide job descriptions for vacant positions.

One final issue remains. The parties previously agreed to schedule the deposition of Defendant's Rule 30(b)(6) witness. Because of that agreement, the Court terminated Plaintiff's motion to compel that deposition as moot. In her motion for sanctions, she informs the Court that the deposition still has not been scheduled due, according to Plaintiff, to Defendant's attempts at gaslighting and delays in producing the witness. (ECF No. 78, PageID.1579). Defendant says it informed Plaintiff's counsel that the deponents are available December 1, 2022. (ECF No. 87, PageID.1640).

It does not appear Plaintiff seeks any sanctions specifically related to the deposition issue. The parties are encouraged to continue with the deposition, if it is not already complete.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: November 30, 2022

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge