UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Z<small>ELMA</small> M<small>OTLEY</small>,

Plaintiff

v.

M<small>ETRO</small> M<small>AN</small> I, I<small>NC</small>. <small>D/B/A</small>
<small>WESTWOOD NURSING CENTER</small>

Defendant.
_____/

Case No. 20-cv-11313

U.S. D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

H<small>ON</small>. C<small>URTIS</small> I<small>VY</small>, J<small>R</small>.
U<small>NITED STATES MAGISTRATE JUDGE</small>

**<u>OPINION AND ORDER: (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS MOTION IN LIMINE [ECF NO. 68]; AND (2) GRANTING DEFENDANTS MOTION IN LIMINE [ECF NO. 69]</u>**

**I. I<small>NTRODUCTION</small>**

On May 26, 2020, Plaintiff Zelma Motley filed a complaint alleging claims under the Americans with Disabilities Act ("ADA"), the Michigan Elliott-Larsen Civil Rights Act ("MELCRA"), and the Michigan Persons with Disabilities Civil Rights Act ("MPDCRA"). Plaintiff says Westwood Nursing Center ("Westwood") wrongfully terminated her employment because of her weight and perceived disability. [ECF No. 1].

Before the Court are two motions: Defendant's Motion in Limine to Exclude Evidence Regarding Discipline of Noncomparable Employees [ECF No. 68]; and

-1-

Defendant's Motion in Limine to Exclude Irrelevant State Survey and Resident Care Evidence at trial [ECF No. 69]. In both motions Westwood argues that certain evidence is irrelevant under Fed. R. Evid. 401 and excludable under Fed. R. Evid. 403.

## II. LAW AND ANALYSIS

The standard for relevancy is "extremely liberal" under the Fed. R. Evid. *Dortch v. Fowler*, 588 F.3d 396, 400 (6th Cir. 2009). Fed. R. Evid. 401 states that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Relevant evidence is presumptively admissible. Fed. R. Evid. 402.

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Westwood argues that 401 and 403 bar the admission four exhibits listed in the parties' Proposed Joint Final Pretrial Order. The Court will discuss the admissibility of each exhibit.

### A. ECF No. 68: Defendant's Motion in Limine to Exclude Evidence Regarding Discipline of Noncomparable Employees

### 1. Plaintiff's Exhibit 18: Termination Letters from Westwood to other employees.

Westwood says that Motley's Exhibit 18 is a "broad category[y] of documents of unidentified employees or former employees of Westwood, none of whom, upon information and belief, are similarly situated to Plaintiff." [ECF No. 68, PageID.1193].

Motley seeks to use the termination letters (Exhibit 18)—sent by Westwood to other employees—to show that Westwood's reason for her termination was pretextual. [ECF No. 72, PageID.1240]. Motley's termination letter did not list a reason. She claims that, after this lawsuit was filed, Westwood began relying on discipline and performance issues to justify Motley's termination. She cites a termination letter from Westwood to an employee identified as "John Doe 1." [ECF No. 72-4, PageID.1262]. The letter informs John Doe 1 that he/she was being terminated for insubordination. [Id].

Motley says this letter shows that Westwood does not use a form termination letter and typically lists reasons in the termination letters to the employees it terminates for cause. Because Motley's termination letter did not provide a reason but other letters did, she argues that the termination letter Westwood sent her would have listed a legitimate reason for terminating her, if it had one.

The termination letters of other employees are relevant and probative. They will aid the jury in determining if Westwood's stated reasons for terminating Motley were pretextual and whether Westwood typically provides terminated employees with reasons for their terminations. The probative value of the letters is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

The Court **DENIES** Defendant's motion with respect to exhibit 18.

### 2. Plaintiff's Exhibit 19: Personnel records for other Westwood employees.

Westwood says that after this litigation began, it learned that Plaintiff's nursing license was suspended effective August 25, 2018. Westwood intends to argue that suspension of Plaintiff's license in August 2018, prior to her January 2019 termination, is a bar to her claims. [ECF No. 72, PageID.1243]. Motley believes that Westwood will attempt to assert an "after-acquired" evidence defense and argue that it would have terminated Plaintiff had it known of her licensure issues in 2018.

The after-acquired evidence doctrine is an affirmative defense which bars "an employee from obtaining certain remedies in a discrimination case,"—such as backpay—if "an employer can show that it would have been entitled to terminate the employee for severe wrongdoing [had it] known of the employee's wrongdoing

at the time[.]" *King v. William Beaumont Hosp.*, No. 10–13623, 2012 WL 5463761, at *2 (E.D. Mich. Nov.8, 2012).

When an employer seeks to rely on after-acquired evidence of wrongdoing, it must establish first, that the wrongdoing in fact occurred, and second, that the wrongdoing was of such severity that the employee in fact would have been terminated. *Wyrick v. Octapharma Plasma, Inc.*, No. 1:11–cv–652, 2011 WL 6888549, at *2 (W.D. Mich. Dec.29, 2011) (*citing Wehr v. Ryan's Family Steak Houses Inc.*, 49 F.3d 1150, 1154 n. 5 (6th Cir.1995)).

A plaintiff's subjective belief that she would not have been terminated for her conduct is not sufficient to overcome the after-acquired evidence defense. *Day v. Finishing Brands Holdings, Inc.*, No. 13-1089, 2015 WL 2345279, at *32 (W.D. Tenn. May 14, 2015), on reconsideration in part, No. 13-1089, 2015 WL 4425847 (W.D. Tenn. July 17, 2015). She must provide evidence that an employee who engaged in similar conduct was not terminated by the defendant. *Id*.

Motley seeks to use disciplinary records from other Westwood employees to show that other similarly situated employees who had issues arise with their licensure were treated differently. [ECF No. 72, PageID.1243].

Motley cites the disciplinary records of "John Doe #2." ECF No. 72-5, PageID.1264]. It shows that an employee who was a Certified Nurse Aide ("CNA") at Westwood was suspended from employment until his/her expired

CNA certification was renewed. [Id]. This individual was also given a final warning for attendance due to a no call/no show and excessive call ins. [Id].

Motley says the disciplinary record shows that when at least one other employee had licensure issues, Westwood suspended them until the issue was resolved. Motley attempts to argue that if Westwood would have terminated her due to her licensing issues, it would have been discriminatory since non-disabled employees and employees who weigh less than her were treated differently. [ECF No. 72, PageID.1243].

But Motley's exhibit does not show that John Doe 2 is similarly situated. It does not refer to John Doe 2's weight or disability status. Further, Westwood correctly argues that Motley is not similarly situated to John Doe 2 because John Doe 2's license was expiring, while Motley's was suspended by the State of Michigan. There is no evidence that John Doe 2 worked for months without having a valid license, as Motley did. [ECF No. 76, PageID.1563].

Thus, Motley is not similarly situated to John Doe 2 and may not admit exhibit 19 to dispute Westwood's after acquired evidence defense.

Motley also seeks to introduce exhibit 19 into evidence to show pretext. While the exhibit is relevant. It does not meet the Fed. R. Evid. 403 balancing test. It is minimally probative. The fact that John Doe 2 was only suspended from work due to licensure issues while Motley was terminated may not be very helpful to the

jury in deciding if Motley's licensure issue was merely pretextual. The two employees had different circumstances influencing Westwood's decision to terminate or suspend. Further, Westwood claims to have terminated Motley because of performance and attendance, not because her license was suspended. It would confuse the jury to allow exhibit 19 into evidence and this risk substantially outweighs any probative value of the exhibit.

The Court **GRANTS** Defendant's motion with respect to Exhibit 19.

**3. Plaintiff's Exhibit 20: Job descriptions for all positions at Westwood.**

Motley seeks to use exhibit 20 to disprove Westwood's after-acquired evidence defense as well.

Motley argues that Westwood would not have terminated her because of her licensing issues alone. She says that Westwood's human resources personnel stated that she, "worked long hours," "[came] in when [Westwood] was short [staffed]," and was overall a "good employee." [ECF No. 72, PageID.1247]. She also claims that the State of Michigan disciplinary board stated that her license was to be suspended for a minimum of one day and would be automatically reinstated if she paid the fine and completed a few continuing education courses. [ECF No. 72, PageID.1247]. Motley believes Westwood would have suspended her or transferred her to a different position while she resolved the licensure issues, instead of terminating her solely based on a suspended license.

Motley says she needs the job descriptions to demonstrate that there were other positions she was qualified for. Westwood says Plaintiff's Exhibit 20 refers to job descriptions for positions other than the one held by Plaintiff, and for which Plaintiff never applied or was qualified to hold. [ECF No. 68, PageID.1194].

Westwood's argument does not defeat exhibit 20's relevance. If Westwood had open positions available at the time her license was suspended, the descriptions of those jobs would tend to make it more or less probable that Westwood would have transferred her to one of the positions instead of terminating her. Contrary to Westwood's conclusory assertions, exhibit 20's probative value is not substantially outweighed by the danger of unfair prejudice. There is minimal prejudice, if any.

The Court **DENIES** Defendants motion with respect to exhibit 20. Job descriptions for open and available positions from the relevant time period will be allowed into evidence.

### B. ECF No. 69: Defendant's Motion in Limine to Exclude Irrelevant State Survey and Resident Care Evidence at trial.

At issue in ECF No. 69 is Plaintiff's exhibit 21: documents evidencing Defendant's failure to abide by the Michigan Public Health Code, a 2017 Licensing And Regulatory Affairs survey, and 2021 resident complaints against Westwood.

Exhibit 21 shows that Westwood was cited for Health Code violations under section 333.21782 for failure to post a list of all its licensed personnel and other information for public inspection; this was remedied right away. [ECF No. 7304, PageID.1410].

Among other citations unrelated to licensing, it was also cited for failure to conduct fingerprint background checks on all employees. Westwood also failed to post in an area accessible to residents, employees, and visitors, the contact information of the individual in the nursing home who was responsible for receiving complaints and conducting complaint investigations. [ECF No. 73-4, PageID.1409]. There was no procedure for communicating with that individual. [Id].

Motley says that this evidence is relevant because, pursuant to its after-acquired evidence defense, Westwood bears the burden to prove that it would have terminated Plaintiff solely because of her licensure issues. [ECF No. 73, PageID.1356] (*citing McKennon v. Nashville Banner Publishing Co*., 513 U.S. 352, 362-63 (1995)). Motley says Defendant must explain why it would care about Plaintiff's licensure issue enough to terminate her (as opposed to suspending or transferring her while she remedied the problem) but not care about the licensure of its nurses generally, as evidenced by the State citing it for violating the Health Code by failing to post licenses. [Id].

Exhibit 21 is not probative on the point for which Motley seeks to offer it. In fact, Motley's argument highlights the unfairly prejudicial assumption the jury may draw from exhibit 21: that Westwood does not care about the licensure of its nurses generally. Westwood's failure to post a list of all its licensed personnel for public inspection does not suggest that it does not care about whether its nurses are licensed.

Exhibit 21 has little if any probative value. That Westwood was cited for health code violations, many of which were remedied shortly after, does not make it more or less probable that it would have terminated Motley if it had found out about her suspended license. On the other hand, any probative value is substantially outweighed by the great potential for unfair prejudice and jury confusion that could lead to a decision on an improper basis. Health Code violations have nothing to do with Motley's disability and weight discrimination claim. Exhibit 21 does not meet the Fed. R. Evid. 403 balancing test.

Motley also seeks to introduce patient complaints from 2021 made against Westwood based on a lack of staffing. Motley claims the complaints demonstrate that up through 2021, Defendant continued to flout the Health Code and disregard staffing levels and its duties to ensure the licensure status of its employees. The complaints make no such showing. It is true that complaints were made due to staffing shortages and unmet needs of residents, but the complaints say nothing

about unlicensed nurses being allowed to continue working at the facility in any role. Thus, for Motley's purposes of disputing Westwood's after acquired evidence defense, the complaints are of limited probative value, if any.

As Motley's argument illustrates, evidence of staffing shortages could influence the jury to make a decision in the case based on an assumption that Westwood does not care about its staff or their licensure status. This is not borne out by the evidence, and it is unfairly prejudicial. This unfair prejudice substantially outweighs any limited probative value the complaints may have.

Defendant's motion in limine is **GRANTED** with respect to exhibit 21 and the resident complaints. The Court will exclude both.

### III. Conclusion

Defendant's Motion in Limine to Exclude Evidence Regarding Discipline of Noncomparable Employees [ECF No. 68] is **GRANTED IN PART and DENIED IN PART**: only exhibit 19 will be excluded from evidence.

Defendant's Motion in Limine to Exclude Irrelevant State Survey and Resident Care Evidence at trial [ECF No. 69] in **GRANTED**. Exhibit 21 and evidence of resident complaints will be excluded from evidence.

**IT IS SO ORDERED.**

Dated:  December 7, 2022          /s/ Gershwin A. Drain
                                  GERSHWIN A. DRAIN
                                  UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 7, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager