UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZELMA MOTLEY,

Plaintiff

v.

METRO MAN I, INC. D/B/A
WESTWOOD NURSING CENTER

Defendant.

_____/

Case No. 20-cv-11313

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

HON. CURTIS IVY, JR.
UNITED STATES MAGISTRATE JUDGE

## OPINION AND ORDER DENYING DEFENDANTS MOTION FOR JUDGMENT AS A MATTER OF LAW

### I. INTRODUCTION

On May 26, 2020, Plaintiff Zelma Motley filed a complaint alleging claims under the Americans with Disabilities Act ("ADA") (Count I), ("ELCRA"), the Michigan Persons With Disabilities Civil Rights Act ("PWDCRA") (Count II), and the Michigan Elliott-Larsen Civil Rights Act (Count III). [ECF No. 1].

All those claims proceeded to trial on December 8, 2022. At the close of Plaintiff's case, Defendant made an oral motion for Judgment as a Matter of Law on all counts and the Court heard argument from both parties. Defendant renewed its motion once closing statements concluded. The Court took the motion under advisement and allowed the jury to deliberate.

On December 15, 2022, the jury returned a verdict in favor of the Defendant on the discrimination claims under the ADA and PWDCRA. However, the jury found Defendant liable on the retaliation claims contained under those same statutes. It also found Defendant liable for count III, Plaintiff's ELCRA claim.

Because the jury found for the Defendant, the motion is **MOOT** with respect to the discrimination claims under the ADA and PWDCRA,

Judgment as a matter of law is **DENIED** with respect Plaintiff's retaliation claims under the ADA and PWDCRA and the ELCRA claim.

## II. LAW AND ANALYSIS

Under Fed. R. Civ. P. 50 (a), the Court may grant a party's motion for judgment as a matter of law only if, in viewing the evidence in the light most favorable to the nonmoving party, reasonable minds could come to but one conclusion in favor of the moving party. *Imwalle v. Reliance Med. Prod., Inc*., 515 F.3d 531 (6th Cir. 2008).

### 1. Retaliation Claims

Michigan's Persons with Disabilities Civil Rights Act substantially mirrors the ADA, and resolution of a plaintiff's ADA claim will generally, though not always, resolve the plaintiff's PWDCRA claim. *Cassidy v. Detroit Edison Co*., 138 F.3d 629, 634 n. 3 (6th Cir.1998); *Chiles v. Machine Shop, Inc*., 238 Mich.App. 462, 606 N.W.2d 398, 405 (1999).

-2-

To establish a prima facie case of retaliation under the ADA and PWDCRA, the Plaintiff must show that: (1) she engaged in activity protected by the ADA; (2) the defendant knew of this exercise of plaintiff's protected rights; (3) the defendant subsequently took an employment action adverse to plaintiff or subjected the plaintiff to severe or pervasive retaliatory harassment; and (4) there was a causal connection between the protected activity and the adverse employment action. *Hurtt v. Int'l Servs., Inc*., 627 Fed. Appx. 414, 422 (6th Cir. 2015).

At trial, Plaintiff testified that she informed Westwood administrator Ms. Cassandra Fuller of an injury to her sciatica nerve, that she had seen a doctor, and needed to use a cane to ambulate. She also claimed that she informed Westwood's Director of Nursing Ms. Lorea Lewis that she had no problems performing the job function with the cane and had already been granted an accommodation for it. Under these facts, a reasonable jury could find that her cane usage was protected activity and that Defendant knew about it.

Plaintiff also testified that she had several conversations with Ms. Lewis about whether the cane was truly necessary. Further, Ms. Shermeen Warren of Human Resources advised Plaintiff that Westwood would take her off the schedule until she could get a note from her doctor stating that she had no restrictions. She allegedly obtained a note stating that she could perform her job with no restriction, but she needed to use her cane.

-3-

Plaintiff claimed that Westwood forbid her from using the cane and threatened to fire her if she continued to use it. She continued to use the cane, was eventually taken off the schedule and ultimately terminated. Westwood gave her no reason for the termination. Multiple witnesses testified about Plaintiff having conflict with Westwood related to her cane usage and she was provided a termination letter that stated no basis for her termination other than "Michigan is an at will state."

In the light most favorable to the Plaintiff, a reasonable jury could find that Plaintiff suffered an adverse employment action caused by her exercise of protected activity.

Accordingly, Defendant is not entitled to judgment as a matter of law on the retaliation claims.

## 2. ELCRA claim

Under ELCRA, an employer may not discriminate against an individual with respect to employment based on religion, race, color, national origin, age, sex, height, weight, or marital status. MCL § 37.2202(1)(a).

Discriminatory treatment may be proven with direct, indirect, and circumstantial evidence. *Sniecinski v. BCBS of Mich*., 469 Mich. 124, 666 N.W.2d 186, 192–93 (2003). A prima facie indirect-evidence case requires the plaintiff to prove she: (1) "belongs to a protected class," (2) "suffered an adverse employment

action," (3) "was qualified for the position," and (4) failed "to obtain the position ... under circumstances giving rise to an inference of unlawful discrimination." *Id*. A plaintiff can satisfy the fourth element by demonstrating he was "treated differently from similarly situated employees outside the protected class." *Mitchell v. Vanderbilt Univ.*, 389 F.3d 177, 181 (6th Cir. 2004).

First, Plaintiff testified that she weighed 400 pounds at the time of her termination in January 2019. She was part of the class of individuals susceptible to weight discrimination. She also was terminated on January 4, 2019, thereby suffering an adverse employment action. And she testified that her license was not suspended until March 31, 2019. [ECF No. 115, PageID.3348]. Since she was still licensed as an LPN at the time of termination, a reasonable jury could determine that she was still qualified for the position at the time of termination.

Finally, although, Defendant alleged that Plaintiff was terminated for nursing errors, Plaintiff produced evidence of other nurses who made errors but were not terminated. Thus, a reasonable jury could conclude that she was treated differently from similarly situated employees outside of the protected class.

Plaintiff said that, in early 2018, she told Ms. Lewis she needed the cane to perform her job, and Ms. Lewis told her: "well maybe if you would lose some of that weight you wouldn't have that problem." Ms. Lewis was the Director of Nursing at the time and a reasonable jury could conclude that she had influence

over the decision to take Plaintiff off the schedule and ultimately terminate her. As stated above, a reasonable jury could conclude that she was terminated due to her cane usage and/or weight.

### III.  Conclusion

Defendant's motion is **MOOT** with respect to the discrimination claims under the ADA and PWDCRA because the jury did not find Defendant liable.

Judgment as a matter of law is **DENIED** with respect Plaintiff's retaliation claims under the ADA and PWDCRA, and the ELCRA claim.

**IT IS SO ORDERED.**

Dated:  January 4, 2023          /s/ Gershwin A. Drain
                                 GERSHWIN A. DRAIN
                                 UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 4, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager