**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| ZELMA MOTLEY, | Case No. 20-cv-11313 |
| Plaintiff, | Hon. Gershwin A. Drain<br>United States District Judge |
| vs. | |
| METRO MAN I, INC. d/b/a<br>WESTWOOD NURSING CENTER. | Hon. Curtis Ivy, Jr.<br>United States Magistrate Judge |
| Defendant, | |

/


| | |
|---|---|
| **MILLER COHEN, P.L.C.**<br>Keith D. Flynn (P74192)<br>Andrea M. Frailey (P82466)<br>Ryan A. Paree (P80345)<br>7700 Second Avenue, Suite 335<br>Detroit, MI 48202<br>(313) 964-4454<br>(313) 964-4490 Fax<br>kflynn@millercohen.com<br>afrailey@millercohen.com<br>rparee@millercohen.com | **HONIGMAN LLP**<br>Khaliliah V. Spencer (P63933)<br>Mahja D. Zeon (P83619)<br>Attorneys for Defendant<br>2290 First National Building<br>660 Woodward Ave.<br>Detroit, MI 48226<br>313-465-7344<br>kspencer@honigman.com<br>mzeon@honigman.com |


/

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

NOW COMES Plaintiff Zelma Motley, by and through her attorneys MILLER COHEN, P.L.C., and for her Motion for Attorneys' Fees and Costs Interest relies on the attached brief in support.

WHEREFORE, Plaintiff requests that this Court award her attorneys' fees of $210,405 plus 4.73% in post-judgment interest per day from the date of judgment until it is paid in full.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By: */s/Andrea M. Frailey*

Keith D. Flynn (P74192)
Andrea M. Frailey (P82466)
*Attorneys for Plaintiff*
7700 Second Ave., Ste 335
Detroit, MI 48202
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com
afrailey@millercohen.com

Dated: February 1, 2023

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ZELMA MOTLEY,

Plaintiff,

vs.

METRO MAN I, INC. d/b/a
WESTWOOD NURSING CENTER.

Defendant,

Case No. 20-cv-11313

Hon. Gershwin A. Drain
United States District Judge

Hon. Curtis Ivy, Jr.
United States Magistrate Judge

_______________________________________/

**MILLER COHEN, P.L.C.**
Keith D. Flynn (P74192)
Andrea M. Frailey (P82466)
Ryan A. Paree (P80345)
7700 Second Avenue, Suite 335
Detroit, MI 48202
(313) 964-4454
(313) 964-4490 Fax
kflynn@millercohen.com
afrailey@millercohen.com
rparee@millercohen.com

**HONIGMAN LLP**
Khaliliah V. Spencer (P63933)
Mahja D. Zeon (P83619)
Attorneys for Defendant
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226
313-465-7344
kspencer@honigman.com
mzeon@honigman.com

_______________________________________/

**<u>PLAINTIFF'S BRIEF IN SUPPORT OF HER MOTION FOR ATTORNEYS' FEES AND COSTS</u>**

# TABLE OF CONTENTS


PAGE(S)

INDEX OF AUTHORITIES ........................................................................ iii-iv

MOST CONTROLLING AUTHORITY ........................................................ v

STATEMENT OF QUESTION PRESENTED ................................................ vi

I. INTRODUCTION ......................................................................... 1

II. ARGUMENT ................................................................................ 2

A. The Court has previously awarded Ms. Motley a portion of her fees and costs in this matter ........................................................................ 2
B. The Law Entitles Ms. Motley to Attorneys' Fees and Costs ........................... 3
C. Ms. Motley's Attorneys' Fees are Reasonable ............................................ 3
1. The Time and Labor Required by the Case ............................................... 4
2. The Novelty and Difficulty of the Questions Presented ............................ 6
3. The Skill Needed to Perform the Legal Service Properly. ......................... 6
4. The Preclusion of Other Employment by the Attorney Due to Acceptance of the Case ........................................................................ 7
5. The Customary Fee. ........................................................................ 7
6. Whether the Fee is Fixed or Contingent .................................................. 8
7. Time Limitations Imposed by the Client or the Circumstances ................. 9
8. The Amount Involved and the Results Obtained. ..................................... 9
9. The Professional Standing and Experience of the Attorney .................... 10
10. The "Undesirability" of the Case. ......................................................... 14
11. The Nature and Length of the Professional Relationship with the Client. ........................................................................ 15
12. Awards in Similar Cases ........................................................................ 15

III. AMOUNT OF ATTORNEY FEES .......................................................... 16

IV. CONCLUSION ........................................................................ 16

**INDEX OF AUTHORITIES**

*Bell v. Prefix, Inc.*,
784 F. Supp. 2d at 783 (E.D.Mich.2011) ..........................................................7

*Blum v. Stenson*, ,
465 U.S. 886, 895 (1984)..........................................................................7

*Cheng v. Romo*,
No. 11-10007, 2014 U.S. Dist. LEXIS 28374 (D. Mass. Mar. 6, 2014)..............*9*

*City of Riverside v. Rivera*,
477 U.S. 561, 574 (1986).........................................................................10

*Clements v. Prudential Protective Servs., LLC*,
100 F. Supp. 3d 604 (E.D. Mich. 2015) ..................................................4, 5, 10

*Darbyshire v. Garrison*,
No. 04-CV-72272, 2006 U.S. Dist. LEXIS 13078 (E.D. Mich. Mar. 8, 2006)..4, 8

*EEOC v. Dolgencorp*,
899 F.3d 428, 436 (6th Cir. 2018) ..............................................................3

*Hensley v. Eckerhart*,
461 U.S. 424, 433 (1983)..........................................................................4

*Hoge v. Honda of Am. Mfg., Inc.*, ,
No. 2:00-CV-995, 2003 U.S. Dist. LEXIS 4068 (S.D. Ohio Mar. 3, 2003) ........9

*Hubbell v. FedEx Smartpost, Inc.*,
No. 14-13897, 2018 U.S. Dist. LEXIS 451998 (Mar. 20, 2018) .......................15

*Indep. Fed'n of Flight Attendants v. Zipes*,
491 U.S. 754, 759, 109 S. Ct. 2732, 2735, 105 L. Ed. 2d 639 (1989) .................3

*Johnson v. Georgia Highway Express, Inc.*,
488 F.2d 714 (5th Cir.1974) ..............................................................4, 6, 8, 9, 14

*Joyce v. Town of Dennis*,
720 F.3d 12, 31 (1st Cir.2013) ....................................................... 9, 10

*Lamar Advert. Co. v. Charter Twp. of Van Buren*,
178 F. App'x. 498, 501 (6th Cir. 2006) ........................................................ 7

*Lowe v. Calsonickansei N. Am., Inc.*,
No. 1:18-cv-00027, 2022 U.S. Dist. LEXIS 93779 (M.D. Tenn. May 25, 2022)……………… ........................................................................... 15

*Morscott v. City of Cleveland*,
936 F.2d 271, 273 (6th Cir. 1991) ................................................................ 3

*Reed v. Rhodes*,
179 F.3d 453, 471 (6th Cir. 1999) ................................................................*4*

*Reeder v. Cnty. Of Wayne*,
No. 15-cv-10177, 2016 U.S. Dist. LEXIS 152321 (E.D. Mich. Nov. 3, 2016) ………………………………………………………………13, 15

*Spidell v. Colvin*,
No. 3:12CV00039, 2016 U.S. Dist. LEXIS 88179 (S.D. Ohio July 7, 2016)…..14

**<u>Statutes & Rules</u>**

28 U.S.C. § 1961(a) ..........................................................................................16
42 U.S.C. § 12205 ....................................................................................1, 3, 14
M.C.L § 37.1606(3). ...........................................................................................1, 3
M.C.L. § 37.2802 ..................................................................................................1,3

**<u>OTHER</u>**

<u>https://www.federalreserve.gov/releases/H15/data.htm</u> .........................................16

## **MOST CONTROLLING AUTHORITY**

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974)
*EEOC v. Dolgencorp, LLC*, 899 F.3d 428, 436 (6th Cir. 2018)
*Reeder v. Cnty. Of Wayne*, No. 15-cv-10177, 2016 U.S. Dist. LEXIS 152321 (E.D. Mich. Nov. 3, 2016)

## STATEMENT OF QUESTION PRESENTED

1. Whether Plaintiff is entitled to reasonable attorneys' fees in the amount of $210,405?

   Plaintiff says: Yes

2. Whether Plaintiff is entitled to costs in the amount of $3,357.14, plus any costs submitted to the clerk and not taxed?

   Plaintiff says: Yes

3. Whether Plaintiff is entitled to 4.73% in post-judgment interest per day until the judgment is paid in full?

   Plaintiff says: Yes

# I. INTRODUCTION

Plaintiff Zelma Motley prevailed at trial against Defendant on all claims. Specifically, the jury found in her favor on her claim of retaliation in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, her claim of retaliation in violation of the Michigan Persons with Disabilities Civil Rights Act (PWDCRA), M.C.L. § 37.1101, *et seq*. and her claim of discrimination in violation of the Michigan Elliott-Larsen Civil Rights Act (ELCRA), M.C.L. § 37.2101, *et seq.*. Under the ADA, the PWDCRA, and the ELCRA, Ms. Motley is allowed her costs and attorneys' fees. 42 U.S.C. § 12205; M.C.L § 37.1606(3); M.C.L. § 37.2802. In accordance with the ADA, PWDCRA, ELCRA, and this Court's prior orders, Ms. Motley brings this Motion for Attorneys' Fees and Costs.

This action was lengthy and involved. The trial in this case concluded on December 15, 2022, more than two and a half years after Ms. Motley filed her complaint, and three and a half years after Ms. Motley filed her original Charge of Discrimination with the EEOC. The jury awarded Ms. Motley $268,000 in lost wages reduced by $28,000 for mitigation, and $25,000 in compensatory damages. Sum total, the jury awarded Ms. Motley $265,000. This matter involved numerous depositions, including two just a week before trial; motions; a second-round of discovery initiated on the eve of trial; five different defense attorneys; and was only determined after a six-day jury trial. As a result of the length and nature of the case,

Ms. Motleys attorneys' fees total $210,405 and her costs total $7,771.14.[1] She is also entitled to 4.73% in post-judgment interest per day from the date of judgment until it is paid in full.

## II. ARGUMENT

### A. The Court has previously awarded Ms. Motley a portion of her fees and costs in this matter.

During the course of this matter, Defendant's behavior forced Mr. Motley to bring not one, but two motions for sanctions. In ruling on the first, the Court awarded Ms. Motley half of her fees and costs in bringing said motion. [Dkt. No. 78] In ruling on the second, the Court awarded Ms. Motley all of her fees and costs in bringing said motion. [Dkt. No. 100] As Ms. Motley is now entitled to all of her costs in this matter, she has filed a Bill of Costs for $4,414 in costs considered taxable under the Court's Bill of Costs Handbook. [ECF No. 120] Plaintiff now requests the Court award her all remaining costs in the amount of $3,357.14, in addition to any costs submitted in her Bill of Costs that are not taxed by the clerk. (**Exhibit A**, Plaintiff's Itemized Costs and Supporting Documentation). These additional costs include Plaintiff's portion of the two separate private facilitations – during which Defendant failed to bring anyone with settlement authority, – deposition transcripts necessary for discovery and trial preparation in this matter,

[1] Plaintiff submitted $4,414.00 in costs in her Bill of Costs and is now requesting the Court award her remaining costs of $3,357.14.

witness fees paid to witnesses in May 2022 before Defendant raised its after-acquired evidence defense, and fees to expedite transcripts of the 30(b)(6) depositions which, due to Defendant's bad behavior, did not take place until a week before trial.

As Ms. Motley is now entitled to the entirety of her fees in this matter, she will address all fees together in this motion.

**B. The Law Entitles Ms. Motley to Attorneys' Fees and Costs**

The ADA, PWDCRA, and ELCRA, all allow the Court, in its discretion, to award a prevailing party their reasonable attorneys' fees and costs. 42 U.S.C. § 12205; M.C.L § 37.1606(3); M.C.L. § 37.2802. Ordinarily, absent special circumstances, a prevailing party in a civil rights action should be awarded attorneys' fees. *See Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 759, 109 S. Ct. 2732, 2735, 105 L. Ed. 2d 639 (1989); *Morscott v. City of Cleveland*, 936 F.2d 271, 273 (6th Cir. 1991). Further, the Sixth Circuit has held that the ADA "entitles" a prevailing party to a reasonable attorney's fee. *EEOC v. Dolgencorp, LLC*, 899 F.3d 428, 436 (6th Cir. 2018). Since the jury found in Ms. Motley's favor on all counts, she is the prevailing party in this matter.

**C. Ms. Motley's Attorneys' Fees are Reasonable**

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a

reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Sixth Circuit has adopted the twelve-factor test from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), to determine a reasonable fee. *See Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). Those factors are:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Clements v. Prudential Protective Servs., LLC*, 100 F. Supp. 3d 604 (E.D. Mich. 2015) (quoting *Johnson*, 488 F.2d at 717-19).

1. <u>The Time and Labor Required by the Case</u>

In determining the time and labor required by a case, the trial court "should weigh the hours claimed against his own knowledge, experience, and expertise of the time required to complete similar activities." *Johnson*, 488 F.2d at 717. Here, Plaintiff's attorneys spent a reasonable amount of time preparing and trying the case. Plaintiff's attorneys also spent a reasonable amount of time filing and responding to motions. Additionally, Plaintiff's attorneys avoided duplicative billing, only having one attorney attend most depositions and hearings.[2] And Plaintiff's attorneys utilized

[2] Furthermore, it is reasonable to have two attorneys attend a trial. *Darbyshire v.*

legal secretaries where possible to avoid unnecessary use of attorney time. Simply put, Plaintiff's attorneys did everything possible to litigate the case as efficiently as possible while zealously advocating for Ms. Motley.

Nonetheless, this case took nearly two and a half years to litigate – three and a half including time at the EEOC – and required Plaintiff's attorneys to draft multiple briefs and prepare for a trial that lasted six days. Additionally, several complicated issues were involved, including a dispute raised on the eve of trial over the impact of Ms. Motley's licensure issues and numerous evidentiary issues. Nine total depositions were taken by the parties, three witnesses testified at trial, one deposition was read into the record, and the case was only resolved after a six-day jury trial.

Throughout the litigation, Plaintiff repeatedly sought to settle the matter, making settlement offers at the start of litigation, during litigation, and immediately before trial. Plaintiff's attorneys also participated in two private mediations, two settlement conferences with Magistrate Judge Curtis Ivy, plus a settlement conference on the first day of trial. Plaintiffs' efforts at attempting an earlier resolution to this matter were thwarted at every step by Defendant's bad faith

---

*Garrison*, No. 04-CV-72272, 2006 U.S. Dist. LEXIS 13078 (E.D. Mich. Mar. 8, 2006) (attached as **Exhibit U**). And the Eastern District of Michigan has found "nothing 'duplicative' with regard to having two lawyers represent Plaintiff, or for two of Plaintiff's attorneys to bill for their time spent in interoffice discussions about the case." *Clements*, 100 F. Supp. 3d at 617.

bargaining. As a result, the 742.3 hours of time that Ms. Motley's attorneys spent on this case over the nearly three and a half years they worked on it is reasonable. (See **Exhibit B,** Itemization of Attorneys' Fees)

2. The Novelty and Difficulty of the Questions Presented

According to *Johnson*:

> Cases of first impression generally require more time and effort on the attorney's part. Although this greater expenditure of time in research and preparation is an investment by counsel in obtaining knowledge which can be used in similar later cases, he should not be penalized for undertaking a case which may "make new law." Instead, he should be appropriately compensated for accepting the challenge.

*Id.* at 718. Here, there were a number of complex issues related to Ms. Motley's case, but one stands out above the rest: how did Ms. Motley's suspended license impact her claims? Answering this question required research into both the after-acquired evidence doctrine as well as the definition of a "qualified individual" under the ADA. Plaintiff's attorneys further had to subpoena multiple different state agencies and review thousands of pages of documents to fully understand the circumstances of Ms. Motley's license suspension, and how those circumstances impacted her claims. As such, Plaintiff's attorneys expended a reasonable amount of time performing research for this case.

3. The Skill Needed to Perform the Legal Service Properly

Plaintiff's attorneys expended a reasonable amount of time to prepare the case and demonstrated their ability to properly perform legal services on Plaintiff's

behalf, ultimately obtaining a jury verdict in the amount of $265,000 when Defendant had never come close to even offering a quarter of that amount in settlement.

4. <u>The Preclusion of Other Employment by the Attorney Due to Acceptance of the Case</u>

Miller Cohen P.L.C. is a well-renowned labor and employment law firm in Detroit representing numerous employees and labor unions in active litigation. Had Plaintiff's attorneys not spent time on Plaintiff's case, they would have spent that time on another client.

5. <u>The Customary Fee</u>

Reasonable hourly rates "are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." *Blum v. Stenson,* 465 U.S. 886, 895 (1984). "In short, a reasonable hourly rate should be sufficient to encourage competent lawyers in the relevant community to undertake legal representation." *Lamar Advert. Co. v. Charter Twp. of Van Buren*, 178 F. App'x. 498, 501 (6th Cir. 2006). "Michigan federal courts routinely use [the State Bar of Michigan's Economics of Law Practice Survey] as evidence of reasonableness in determining attorney's fees." *Bell v. Prefix, Inc.*, 784 F. Supp. 2d at 783 (E.D.Mich.2011). The most recent survey was published in 2020. (**Exhibit C,** State Bar of Michigan's "2020 Economics of Law Practice

Attorney Income and Billing Rate Summary Report.”). The relevant numbers are included in the following table:

| Years Practiced | Mean Hourly Rate | 75th Percentile Hourly Rate |
|---|---|---|
| 1 to 2 | 233 | 265 |
| 3 to 5 | 242 | 275 |
| 6 to 10 | 285 | 310 |
| 11 to 15 | 297 | 350 |
| 16 to 25 | 315 | 367 |

The average billing rate for law firm located in Downtown Detroit (where Miller Cohen P.L.C. is located) is $343 per hour. And the average billing rate for a plaintiff's attorney practicing employment law is $345 per hour.

6. Whether the Fee Is Fixed or Contingent

“In no event . . . should the litigant be awarded a fee greater than he is contractually bound to pay, if indeed the attorneys have contracted as to amount.” *Johnson*, 488 F.2d at 718. Here, Plaintiff had a contingency fee arrangement with her counsel. There was no flat fee. The Eastern District of Michigan has held:

> The Court is not persuaded that because the attorney fees claimed by Plaintiff are three times that of the jury award, the attorney fees should be capped at that amount or capped by the contingency fee arrangement. Frequently, the actual damages to a plaintiff in a civil rights case may be a relatively small amount, notwithstanding a finding that the plaintiff's constitutional rights have been violated. If plaintiff's attorneys are precluded from recovering hourly fees because such fees are greater than the contingency amount or the jury award of damages, it would make it extremely difficult for plaintiffs in such cases to ever find an attorney to represent them, even if their constitutional rights clearly have been violated.

*Darbyshire v. Garrison*, No. 04-CV-72272, 2006 U.S. Dist. LEXIS 13078, at *2 (E.D. Mich. Mar. 8, 2006) (attached as **Exhibit U,** unpublished cases).

Therefore, using an hourly fee is appropriate to determine reasonable attorneys' fees in this case.

7. Time Limitations Imposed by the Client or the Circumstances

This factor is not relevant to this case.

8. The Amount Involved and the Results Obtained

"Although the Court should consider the amount of damages, or back pay awarded, that consideration should not obviate court scrutiny of the decision's effect on the law. If the decision corrects across-the-board discrimination affecting a large class of an employer's employees, the attorney's fee award should reflect the relief granted." *Johnson*, 488 F.2d at 718. Courts are not required to proportion the attorney's fees award to the damages recovered. *Hoge v. Honda of Am. Mfg., Inc.*, No. 2:00-CV-995, 2003 U.S. Dist. LEXIS 4068 (S.D. Ohio Mar. 3, 2003) (attached as **Exhibit U,** unpublished cases). It is "incorrect" to assume "there is any particular significance to the relationship between the magnitude of actual damages and the magnitude of attorneys' fees." *Cheng v. Romo*, No. 11-10007, 2014 U.S. Dist. LEXIS 28374 (D. Mass. Mar. 6, 2014) (attached as **Exhibit U,** unpublished cases) (citing *Joyce v. Town of Dennis*, 720 F.3d 12, 31 (1st Cir.2013)). In *Joyce*, the First Circuit acknowledged that "[f]ee-shifting provisions in general reflect a legislative

judgment that the public as a whole has an interest in the vindication of the rights conferred by the statutes . . . over and above the value of a . . . remedy to a particular plaintiff." *Joyce* 720 F.3d at 31 (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986)).

Here, Plaintiff received a jury verdict in the amount of $265,000. This amount far exceeds any settlement proposal.[3] Thus, even though Plaintiff did not receive the amount she asked from the jury, the Court should not reduce Plaintiff's attorneys' fees award simply for asking the jury for a large amount. *See Clements*, 100 F. Supp. 3d at 616 ("[T]he Court will not reduce Plaintiff's attorneys' fees simply for a lack of success.").

9. The Professional Standing and Experience of the Attorney

Keith Flynn, the lead attorney in this case, has dedicated his legal career to the litigation of labor and employment law claims brought by unions and employees against their employers. He has successfully represented numerous other clients regarding FMLA Interference and other similar claims of wrongful termination. He is currently with the law firm of Miller Cohen, P.L.C. and is the head of the Employment Litigation Practice Group at the firm. Mr. Flynn has been recognized in Michigan Super Lawyer magazine as a "Super Lawyer" in 2021 and 2022 and a

[3] Defendant's best offer at any point was $80,000.

"Rising Star" in 2019 and 2020.[4]

Mr. Flynn graduated summa cum laude from Albion College with a Bachelor's degree in Political Science and Management. He then attended Michigan State University where he attained his Juris Doctorate cum laude and a Master's degree in Human Resources and Labor Relations. While at Michigan State, he served on the editorial board of the Michigan State Law Review. He has worked for the National Labor Relations Board in Detroit and acted as a member of the Bargaining Support Team at Michigan State University assisting in negotiating the first contract for a newly certified bargaining unit of non-tenured track faculty. Mr. Flynn is also a proud recipient of the Spirit of Detroit Award. In his twelve years of practice, he has successfully acted as lead counsel in multiple jury trials, administrative hearings, and arbitrations. The rate requested for Mr. Flynn is $325 per hour.

Andrea Frailey, the second chair on this case, graduated from Michigan State University and the University of Michigan Law School. While in law school, Ms. Frailey represented numerous clients in unemployment hearings and tax matters in

[4] The firm's principal, Bruce A. Miller, has been recognized as one of the Top 100 attorneys in the State of Michigan. Out of the nine attorneys currently working for the firm, five have been recognized as "Super Lawyers" and two have been recognized as "Rising Stars." The firm has also been recognized in DBusiness Journal as top lawyers in Michigan.

the Unemployment Insurance Clinic and the Low-Income Taxpayer Clinic. She also founded the Gender Violence Project and volunteered at a legal aid office.

Ms. Frailey graduated from law school in December 2017 and has practiced since May 2018. She has exclusively practiced labor and employment law in Michigan. In her nearly five years of practice, she has conducted numerous depositions, drafted countless briefs, appeared in over a dozen administrative proceedings, and participated in successful litigation in the Eastern District of Michigan, the Sixth Circuit, and the state courts of Michigan. The requested rate for Ms. Frailey is $250 per hour.

Ryan Paree provided additional trial support in this matter. Mr. Paree graduated from Albion College and Wayne State University Law School. While at Wayne Law, Ryan was an Article Editor and Board Member of the Journal of Law in Society, which published his paper in 2013. Additionally, he held two positions, Director of Student Affairs and Student Board of Governors Representative with the American Pacific American Law Student Association. Since graduating law school, Ryan has worked in several areas of law, collections, insurance, and bankruptcy. In his nearly seven years of practice, Mr. Paree has conducted dozens of depositions, drafted many briefs, and participated in successful litigation in both federal and state courts. The requested rate for Mr. Paree is $250 per hour.

Judy Champa, the attorney who handled this case from inception until late 2021, currently works as an Administrative Law Judge for the State of Michigan. Before coming to Miller Cohen, Ms. Champa had almost two decades of experience practicing at the National Labor Relations Board. The requested rate for Ms. Champa is $275 per hour.

According to the State Bar of Michigan's publication "2020 Economics of Law Practice Attorney Income and Billing Rate Summary Report," Ms. Motley's attorney fee request is reasonable. The attorneys' main field of practice is employment law, and the requested rates fall between the 25th and 75th percentile. (**Exhibit C**) The requested rates also fall below the average rates for both a firm located in Downtown Detroit and a plaintiffs' employment law attorney. (*Id.* at pg. 5)

The requested rate for Mr. Flynn as a practitioner with twelve years of experience is between the 25th and 75th percentile, as is the requested rate for Ms. Frailey as a practitioner with five years of experience. (*Id.* at pg. 4). As such, both are reasonable. Further, six years ago, this Court awarded Mr. Flynn a rate of $225 per hour. *Reeder v. Cnty. Of Wayne*, No. 15-cv-10177, 2016 U.S. Dist. LEXIS 152321 (E.D. Mich. Nov. 3, 2016) (attached as **Exhibit U,** unpublished cases). Since that time, Mr. Flynn has had significantly more experience and has been named the head of Miller Cohen's Employment Litigation Practice Group. The

requested rate for Mr. Paree as a practitioner with seven years of experience is below the average for an attorney with his level of experience, however, Plaintiff took into account the fact that Mr. Paree has not practiced exclusively labor and employment law during his practice. As such, Mr. Paree's requested rate is reasonable. Finally, the requested rate for Ms. Champa is far below the average rate for an attorney with her level of experience, however, Plaintiff took into account the fact that much of her experience did not involve litigation. As such, Ms. Champa's rate is reasonable.

Furthermore, in *Spidell v. Colvin*, the Court found that a rate that "is also very close to the . . . hourly rate used by the 75th percentile of attorneys practicing in [the geographic area]" was a reasonable rate. *Spidell v. Colvin*, No. 3:12CV00039, 2016 U.S. Dist. LEXIS 88179 (S.D. Ohio July 7, 2016) (attached as **Exhibit U,** unpublished cases). Therefore, the requested rates are reasonable. (**Exhibit D**, Attorneys' Affidavits)

10. <u>The "Undesirability" of the Case</u>

In *Johnson*, the court stated:

> Civil rights attorneys face hardships in their communities because of their desire to help the civil rights litigant. Oftentimes his decision to help eradicate discrimination is not pleasantly received by the community or his contemporaries. This can have an economic impact on his practice which can be considered by the Court.

*Johnson*, 488 F.2d at 719. Here, Miller Cohen P.L.C. predominantly takes cases under Civil Rights statutes (i.e. FMLA, Title VII, ADEA, 42 U.S.C. § 1983, etc.)

and has a mission to advocate for employees who have been injured on the job, denied wages or victimized by workplace discrimination.

11. The Nature and Length of the Professional Relationship with the Client

This factor is not relevant to this case.

12. Awards in Similar Cases

"The reasonableness of a fee may also be considered in the light of awards made in similar litigation within and without the court's circuit." *Id.* Recently, this Court awarded $157,733.75 in attorneys fees in a discrimination case culminating in a five-day trial. *Hubbell v. FedEx Smartpost, Inc.*, No. 14-13897, 2018 U.S. Dist. LEXIS 451998 (Mar. 20, 2018) (attached as **Exhibit U,** unpublished cases). Just last year, the Middle District of Tennessee awarded $237,420 in attorneys fees in a disability discrimination and FMLA retaliation case which culminated in a four-day trial. *Lowe v. Calsonickansei N. Am., Inc.*, No. 1:18-cv-00027, 2022 U.S. Dist. LEXIS 93779 (M.D. Tenn. May 25, 2022) (attached as **Exhibit U,** unpublished cases). Finally, in 2016, this Court awarded another of Miller Cohen's clients $132,512.45 in attorneys fees. *Reeder v. Cnty. Of Wayne*, No. 15-cv-10177, 2016 U.S. Dist. LEXIS 152321 (E.D. Mich. Nov. 3, 2016) (attached as **Exhibit U,** unpublished cases).

In light of these cases, Plaintiff's requested attorney's fees in this case is reasonable.

## III. AMOUNT OF ATTORNEY FEES

The itemization of the $210,405 in attorney fees is attached hereto. (**Exhibit B**) It is derived as follows:

| Attorney | Number of Hours | Rate | Total |
|---|---|---|---|
| Keith Flynn | 293.3 | $325 | $95,322.50 |
| Andrea Frailey | 317.3 | $250 | $79,325 |
| Ryan Paree | 18.4 | $250 | $4,600 |
| Judy Champa | 113.3 | $275 | $31,157.50 |
| | | | **$210,405** |

As for post-judgment interest, 28 U.S.C. § 1961(a) provides, "Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. [sic] the date of the judgment." The rate on December 30, 2022 was 4.73%. *See* https://www.federalreserve.gov/releases/H15/data.htm. Plaintiff therefore requests post-judgment interest pursuant to 28 U.S.C. § 1961(a) at a rate of 4.73%.

## IV. CONCLUSION

WHEREFORE, Plaintiff requests that this Court award her attorneys' fees of $210,405 plus 4.73% in post-judgment interest per day from the date of judgment until it is paid in full.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By: */s/Andrea M. Frailey*
Keith D. Flynn (P74192)
Andrea M. Frailey (P82466)
*Attorneys for Plaintiff*
7700 Second Ave., Ste 335
Detroit, MI 48202
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com
afrailey@millercohen.com

Dated: February 1, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on *February 1, 2023,* the foregoing document was electronically filed by the undersigned's authorized representative, using the ECF system, which will send notification of such filing to all parties of record.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By: */s/Keith Flynn*
Keith D. Flynn (P74192)
Andrea M. Frailey (P82466)
*Attorneys for Plaintiff*
7700 Second Avenue, Suite 335
Detroit, MI 48226
(313) 964-4454 Phone
kflynn@millercohen.com
afrailey@millercohen.com